(113 So. 245)

### In re OPINION OF THE JUSTICES.

### In re ACT EXTENDING BOUNDARIES OF CITY OF DECATUR. (No. 5.)

Supreme Court of Alabama. June 7, 1927.

*(Syllabus by the Court.)*

1. Municipal corporations ⬥31—Merger of municipalities of Decatur and Albany is not forbidden by Constitution (Const. 1901, §§ 216, 269; Amend. 13).

The merger of the municipalities of Decatur and Albany is not forbidden by the Constitution.

2. Municipal corporations ⬥35—Merging Albany into Decatur destroyed former and made applicable to it statutory and constitutional provisions relating to Decatur (Const. 1901, §§ 216, 269; Amend. 13; Loc. Act Feb. 4, 1927).

The effect of the merger of the city of Albany into the city of Decatur was to destroy for the future the existence of the city, Al-

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

bany, as a distinct municipality, to remove it from all existing statutory and constitutional provisions, and automatically to make applicable to it such provisions as relate to the city of Decatur.

**3. Municipal corporations ⊜⟶36(3)—Decatur, into which Albany was merged, assumed burdens of latter city (Loc. Act Feb. 4, 1927).**

The city of Decatur, in acquiring by merger the territory constituting the city of Albany, in legal effect assumed all the burdens of the city of Albany.

**4. Municipal corporations ⊜⟶36(3)—Validity of merger of Albany and Decatur is not affected by rights of existing bondholders or creditors as against Albany (Loc. Act Feb. 4, 1927).**

The validity of the consolidation or merger of the two municipalities is not affected by the question of the rights of existing bondholders or other creditors as against the city of Albany.

Response of the Justices of the Supreme Court to questions of the Governor, under Code 1923, §§ 10290, 10291, as to the validity of the act extending the boundaries of the city of Decatur (Local Act approved February 4, 1927):

State of Alabama—Executive Department.

May 20, 1927.

To the Honorable John C. Anderson, Chief Justice, and the Honorables A. D. Sayre, Ormond Somerville, Lucien D. Gardner, William H. Thomas, Virgil Bouldin, and Joel B. Brown, Associate Justices of the Supreme Court of Alabama—Gentlemen:

As authorized by sections 10290, 10291, of the Code of Alabama of 1923, I Bibb Graves, as Governor of Alabama, hereby respectfully request from the Supreme Court of Alabama a written opinion as to the constitutionality, vel non, of the local act approved February 4, 1927, the title of which is "An act to alter or rearrange the boundary lines of the city of Decatur, Alabama, so as to include within the corporate limits of said city, the territory now included within the cities or towns of Albany, Alabama, and Fairview, Alabama, and other territory; and so as to exclude from the city of Decatur, Alabama, certain territory now included within the corporate limits of said city of Decatur, Alabama," which act was approved by me on February 4, 1927.

It is conceded that the Legislature may pass an act extending the corporate limits of any city so as to include the corporate limits of another city or town and effectually destroy the municipality so absorbed, since the Constitution does not generally restrict the power of the Legislature in this respect. But it is claimed that in view of the facts that the cities of Decatur and New Decatur (now Albany) were mentioned in section 269 of the Constitution and said cities of Decatur and New Decatur (now Albany) are again mentioned in section 216 of the Constitution of Alabama, and the city of Albany is mentioned in Amendment 13, known as the Municipal Amendment to the Constitution, that said cities of Decatur, and especially New Decatur (now Albany), have such a constitutional status as to make it impossible for the Legislature by any act to destroy or annul the corporate existence of either, and that since under the provisions of section 216 of the Constitution each of said cities were authorized to levy and collect an additional tax of not exceeding three-tenths of 1 per cent. per annum, but provides that such special tax of said city of Decatur is to be "applied exclusively for the public schools, public school buildings and public improvements; and such special tax of New Decatur * * * to be applied exclusively for educational purposes, and to be expended under their respective boards of public school trustees;" that the consolidation of said two cities would be unconstitutional in depriving the respective inhabitants of each of said cities of having said special tax applied as directed under section 216 of the Constitution "under their respective boards of public school trustees"; and that since an additional power of taxation was conferred upon Albany by the Municipal Amendment, the Legislature cannot by an enactment destroy that additional power to tax the territory included in Albany on account of Albany having issued bonds and incurred other indebtedness on the faith of such additional power to tax.

In view of the public importance of these questions applicable to two prosperous and growing cities of North Alabama, and in view of the near approach of the final adjournment of the present Legislature, which alone has power to submit amendments of the Constitution, I respectfully propound the following questions:

First. In view of section 216 of the Constitution and in view of the constitutional Amendment 13, is the local act constitutional?

Second. In view of section 216, 269, and Amendment 13, Constitution 1901, will it require an amendment to the Constitution in order lawfully to consolidate the two cities of Decatur and Albany?

Respectfully submitted,

Bibb Graves, Governor of Alabama.

Chambers of the Justices.

June 7, 1927.

To Hon. Bibb Graves, Governor of Alabama—

Dear Sir:

Replying to your inquiry of May 20th, wherein you ask if the act thereto attached,

known as an act to extend the boundaries of the city of Decatur so as to include other territory embracing the city of Albany, formerly New Decatur, is constitutional, owing to the fact that separate and distinct constitutional provisions related to the two municipalities separately and distinctly:

[1] As we understand, the effect of the act is to merge the city of Albany into the city of Decatur, and we know of no constitutional provision forbidding such a merger. City of Ensley v. Simpson, 166 Ala. 366 [52 So. 61].

[2, 3] The effect of the merger was to destroy the existence of Albany as a distinct municipality, as for the future, and therefore to remove it from all existing statutory or constitutional provisions and automatically to make applicable thereto such provisions as relate to the city of Decatur. The city of Decatur in acquiring this territory in legal effect assumed all the burdens of Albany. Mobile v. Watson, 116 U. S. 289 [6 S. Ct. 398, 29 L. Ed. 620].

[4] As to the rights of bondholders or other creditors existing at the time of the merger as against the city of Albany, if not sufficiently protected by the city of Decatur, which is liable, we are not presently concerned. It is sufficient to say that this question cannot invalidate the present consolidation or merger.

Respectfully,
JOHN C. ANDERSON,
Chief Justice.
ORMOND SOMERVILLE,
LUCIEN D. GARDNER,
WM. H. THOMAS,
VIRGIL BOULDIN,
JOEL B. BROWN,
Associate Justices.