32 So.2d 303

### OPINION OF THE JUSTICES.
#### No. 84.

Supreme Court of Alabama.
Sept. 30, 1947.

Senate Resolution No. 84 propounds the following questions with respect to the substitute for Senate Bill No. 403, which has been adopted by the Senate:

(1) Could not the consolidation or merger of the public school systems in Jefferson County be accomplished without the necessity of the proposed or any constitutional amendment? Is the Alabama Code of 1940, Title 52, Section 82, which provides for the consolidation of the administration of school systems, valid under the present constitution and regardless of the proposed amendment?

(2) There is now being levied and collected throughout Jefferson County a tax of 10¢ on each $100 of taxable property, voted for the support of public schools, pursuant to Section 269 of the Constitution; a tax of 30¢ on each $100 of taxable property voted for public school purposes, pursuant to Section 1 of the Third Amendment to the Constitution; and a tax of 30¢ on each $100 of taxable property in each school district in the county (all territory in the county being included in school districts) voted for public school purposes, pursuant to Section 2 of the Third Amendment to the Constitution. The City of Birmingham and the City of Mountain Brook, both in Jefferson County, are each levying and collecting special taxes of 50¢ on each $100 of taxable property, which were voted for public schools and public school indebtedness, pursuant to the Eighth Amendment to the Constitution. The City of Bessemer and the City of Fairfield, both in Jefferson County, are also levying and collecting special taxes of 25¢ and 30¢, respectively, on each $100 of taxable property, voted for the schools, pursuant to the Eighth Amendment to the Constitution. The City of Birmingham is also using approximately 24¢ of its tax of 50¢ on each $100 of taxable property authorized for bond and interest payment of the Eighth Amendment to the Constitution, for the payment of bonds which were issued to build schools. Each of these cities is a separate city school district. These taxes are in addition to state school taxes provided in Section 260 of the Constitution.

Does the provision in the proposed constitutional amendment that the tax therein authorized "shall be in lieu of all county, district, and city taxes now authorized to be levied for such purposes in such consolidated area or territory" change the existing school tax structure of Jefferson County and of the above-named municipalities? Would the proposed amendment raise or lower the tax rate for public school purposes collected, either by the county and the above-named cities in (a) Jefferson County, (b) the City of Birmingham, (c) the City of Bessemer, (d) the City of Fairfield or (e) the City of Mountain Brook?

(3) The county and district three mill school taxes in Jefferson County were voted for a number of years in the future pur-

suant to the Third Amendment to the Constitution. The proceeds of these taxes have been pledged to school warrants issued by the Jefferson County Board of Education, pursuant to the Alabama Code of 1940, Title 52, Sections 216–235. Likewise, some of the city Boards of Education in Jefferson County have pledged the proceeds of their district school taxes, voted pursuant to the Third Amendment to the Constitution, for the payment of school warrants issued by them pursuant to the above indicated statutory authority. Would the proposed amendment to the Constitution be invalid as violating the contractual obligations of the Boards of Education with the holders of such warrants?

(4) Would the change in public school taxes in Jefferson County set forth in the proposed amendment to the Constitution become effective immediately upon the ratification thereof or only in the event of the consolidation or merger of the county public school system and any one or more of the public school systems of the various cities in the County? If the answer to the preceding question is that the tax becomes effective only in the event of consolidation or merger, to what extent would consolidation or merger have to be effected in order to put this tax in operation? Would it have to be complete consolidation and merger or would partial consolidation or merger be sufficient?

(5) Could the school taxes provided for in the proposed amendment to the constitution be levied and collected without any local popular vote? Could the taxes so provided be levied and collected by the agency to be given the authority to administer the affairs of a consolidated or merged public school system in Jefferson County? Could this agency fix and vary the rate of taxation up to the limitation provided for in the proposed amendment? Could the tax provided by the proposed amendment to the Constitution be levied at different rates for different territory in the county or would the rate of taxation be required to be uniform throughout the County, including municipalities?

The substituted bill is in pertinent part as follows:

Section 1. That the following amendment to the Constitution of Alabama is hereby proposed to be submitted to the qualified voters of Alabama for their consideration, as hereinafter set forth:

The Legislature may, by general, local, or special law, provide any plan, kind, manner, or form of consolidation or merger of the county public school system of Jefferson County, Alabama, and any one or more of the public school systems of the various cities of said County, and give to one administrative agency full and complete power and authority to administer the affairs of such consolidated public school system in said County. Such consolidated school system shall succeed to and have all the property, rights, powers, privileges, benefits, grants, and authority of the systems so consolidated, and shall assume all the duties, functions, liabilities, and obligations imposed on or required of such systems.

The Legislature may also provide by general, local, or special laws, for the levy and collection of a tax for school purposes on all of the taxable property located in the territory served by the consolidated system in Jefferson County, at a rate not exceeding one dollar and twenty cents ($1.20) on each One Hundred Dollars ($100) worth of taxable property, which shall be in lieu of all county, district, and city taxes now authorized to be levied for such purposes in such consolidated area or territory.

In any act providing for the consolidation of two or more school systems in Jefferson County, the Legislature shall also provide a method for the payment of the debt of each such school system in existence at the time of consolidation.

To the Senate of the State of Alabama, Sirs:

In reply to your inquiry of September 19, 1947, in respect to the substitute for Senate Bill 403, we answer as follows:

■ A number of your inquiries relate to matters of construction and not to important constitutional questions which we are authorized under our statute to consider. In re Opinions of the Justices, 209 Ala. 593, 96 So. 487.

■ The consolidation or merger of the public school systems in Jefferson County,

528

Alabama, can be accomplished without the ratification of the proposed or any other constitutional amendment. But we are not to be understood as saying that such a consolidation or merger, without a constitutional amendment, would or could amend, repeal or supersede the sections of the Constitution providing for the levy and collection of taxes for public school purposes. In re Opinions of the Justices, 216 Ala. 339, 113 So. 245.

An important constitutional question is involved as to the power either by the amendment or legislative act to disturb vested rights, that is rights of holders of school warrants, for which proceeds of taxes for school purposes have been pledged. Section 10, Article 1, United States Constitution; Fourteenth Amendment, United States Constitution.

But as we construe it, the proposed amendment does not in and of itself purport to disturb these rights and, as we have observed, no legislative act can do so. In re Opinions of the Justices, ante, p. 180, 30 So.2d 715.

The inquiry appears to assume the proposed amendment is self-executing. We feel it would be appropriate to state our view that such is not the case. Even if adopted, legislation would be necessary in order to give any effect thereto. Of course as to any future action we are not here concerned.

Respectfully submitted,

LUCIEN D. GARDNER,
Chief Justice.

JOEL B. BROWN,
J. ED. LIVINGSTON,
THOMAS S. LAWSON,
ROBT. T. SIMPSON,
DAVIS F. STAKELY,
Associate Justices.