42 So.2d 348

## OPINION OF THE JUSTICES.

### No. 108.

Supreme Court of Alabama.

Oct. 7, 1949.

To the Honorable Chief Justice and Associate.

Justices of the Supreme Court of Alabama

Judicial Building

Montgomery, Alabama

Gentlemen:

As Governor of the State of Alabama, and pursuant to Section 34, Title 13, Alabama Code of 1940, I respectfully request a written opinion of the Justices of the Supreme Court of Alabama, or a majority thereof, on the following important constitutional questions:

584

The Legislature of Alabama at its recent session passed House Bill No. 964, and I signed the bill on August 30, 1949, and said bill has become Act No. 503, a copy of which act is attached.

Municipal corporations and counties in Alabama are desirous of making loans from the Reconstruction Finance Corporation and other lenders. In some cases a loan has been refused on the basis of "revenue bonds", i. e. bonds issued pursuant to Title 37, Sections 341–352 of the Alabama Code of 1940, payable solely from the revenues of an undertaking built with the proceeds of such bonds, unless to secure such "revenue bonds" a valid mortgage which is subject to foreclosure and sale is given as security. For example, I am advised that the City of Phenix City, one of the municipal corporations of the State of Alabama, has pending an application with the Reconstruction Finance Corporation for a loan to be financed with "revenue bonds" to be issued under the provisions of Alabama Code of 1940, Title 37, Sections 341–352, for the purpose of financing the entire cost of acquiring and improving an amusement park in the City of Phenix City; and that the Reconstruction Finance Corporation refuses to approve said loan unless the City of Phenix City can give as security for the payment of such bonds a mortgage upon the amusement park which is subject to foreclosure and sale in the event of default in the payment of the principal thereof or interest thereon or some other covenant or obligation in connection therewith.

You will note that Act No. 503 amends Section 342, Title 37, Alabama Code of 1940, so as to authorize a mortgage which provides that, in the event the principal and interest is not paid on the "revenue bonds" when due or other covenants or warranties therein authorized are not performed, the property may be sold at public outcry and that, when so sold, the purchaser shall own the same, subject to redemption as allowed in the mortgage or, if no provision is made therein, as provided by the law of Alabama. I am informed that the City of Phenix City proposes to execute and deliver such a mortgage under the authority of Act No. 503 to the Reconstruction Finance Corporation as security for the "revenue bonds"

which it proposes to issue and that the Reconstruction Finance Corporation contends that such a mortgage would make such "revenue bonds" a "debt" within the meaning of Section 225 of our Constitution and "bonds" within the meaning of Section 222 thereof.

Will you please advise me as to the following questions which are of importance and concern to all counties and municipalities in Alabama:

1. Will "revenue bonds" authorized to be issued by Sections 341–352, Title 37, of the Alabama Code of 1940, secured by a mortgage upon the undertaking acquired with the proceeds of such "revenue bonds", which mortgage is subject to foreclosure and the undertaking subject to sale, as authorized by said Act No. 503, be "debts" of the issuing municipality within the meaning of Section 225 of the Constitution or of the issuing county within the meaning of Section 224 of the Constitution?

2. Will "revenue bonds" authorized under the provisions of Title 37, Sections 341–352, Alabama Code of 1940, secured by a mortgage on the undertaking financed with the proceeds of said "revenue bonds", which mortgage is subject to foreclosure and the undertaking subject to sale, as authorized by said Act No. 503, be "bonds" of the issuing municipality or county within the meaning of Section 222 of the Constitution and so not valid because not first authorized by a majority vote by ballot of the qualified voters of such municipality or county?

Respectfully submitted
James E. Folsom
Governor

Act No. 503          H. 964—Brassell, Cole

AN ACT

To amend Section 342 of Title 37 of the Code of Alabama (1940) which relates to the powers of municipalities in regard to the acquisition of public improvements, as amended by Act No. 66, General Acts of Alabama, approved June 14, 1949.

*Be It Enacted by the Legislature of Alabama:*

Section 1. Section 342 of Title 37 of the Code of Alabama (1940) as amended by

Act No. 66, General Acts of Alabama, approved June 14, 1949, be and the same hereby is amended to read as follows:

"Section 342 Additional powers.—In addition to the powers which it may now have, any municipality shall have power under this subdivision: To acquire by gift or purchase, to construct, to reconstruct, to improve, to better or to extend any undertaking, within or without the municipality or partially within or partially without the municipality; to operate and maintain any undertaking for its own use and for the use of public and private consumers and users within and without the territorial boundaries of the municipality; to prescribe and collect, rates, fees, tolls, or charges for the services, facilities, and commodities furnished by such undertaking and in anticipation of the collection of such rates, fees, tolls, or charges to issue revenue anticipation bonds to finance in whole or in part the cost of acquisition, construction, reconstruction, improvement, betterment or extension of any undertaking and to pledge to the punctual payment of said bonds and interest thereon all or any part of the gross or net revenues of such undertaking (including the revenues of improvements, betterments, or extensions thereto thereafter constructed or acquired, as well as the revenues of existing systems, plants, works, instrumentalities, and properties of the undertaking so improved, bettered or extended) or of any part of such undertaking; to pledge or to mortgage or execute deeds of trust or to create liens upon any undertaking, either with or without including subsequent extensions and improvements thereto, for the purpose of securing such revenue anticipation bonds as may be issued under the provisions of Title 37, Sections 341–352, as heretofore or hereafter amended, for the purpose of financing the cost of acquiring, constructing, improving or extending such undertaking. The instrument or deed of trust creating such pledge, mortgage, trust or lien may provide for the appointment of a trustee and the acceptance of such trust by such trustee, and may contain the covenants and warranties usually or customarily contained in mortgages or deeds of trust to secure bonds issued to finance similar undertakings, in-

cluding, without limiting the generality of the foregoing, covenants regarding the operation and maintenance of, insurance upon, rates and charges for the use of, the undertaking, the maintenance of accurate books and records and financial data with respect thereto, warranties of title and against encumbrances, as well as covenants for the prompt payment of the principal of and interest on such revenue anticipation bonds. Such covenants and warranties shall, however, be limited to the funds and resources which the municipality may obligate to the payment of such revenue anticipation bonds. Such instrument or deed of trust may provide for the foreclosure of the pledge, mortgage, trust or lien upon the occurring of any default in the payment of the principal of any such revenue anticipation bonds or any installment thereof or any interest thereon or the violation of any other covenants or warranties contained in such instrument or deed of trust, either by the trustee or by the creditors or their attorneys and the taking of possession of the property pledged, mortgaged or subject to the deed of trust or lien, the operation thereof by a receiver or trustee and the sale thereof at public outcry, either with or without court proceedings, either by the trustee or by the creditors or by their attorneys or, if foreclosure is by court proceedings, by such official as the court may designate, and may provide that the trustee or creditors may become purchasers at any such sale. Any such instrument or deed of trust may contain provisions for redemption from a foreclosure sale, or, if it is silent as to provisions for redemption, the law of the State of Alabama applying to the redemption of real property from mortgage foreclosure sales, shall govern. Such instrument or deed of trust may provide that, in the event of the foreclosure of such pledge, mortgage, deed of trust or lien, the purchaser at any foreclosure sale may acquire the right, privilege and franchise of operating the undertaking which is sold or conveyed, and such purchaser or his vendee may have the right, authority, and privilege to carry on and operate such undertaking in the same manner, on the same terms, and to the same extent as the municipality is authorized to

operate until the municipality may redeem the undertaking from such foreclosure sale. The governing body in determining the cost of acquisition, construction, reconstruction, improvement, betterment or extension of any undertaking may include all costs and estimated costs of the issuance of said bonds, all engineering, inspection, fiscal and legal expenses, and interest which it is estimated will accrue during the construction period and for six months thereafter on money borrowed or which it is estimated will be borrowed pursuant to this subdivision."

Section 2. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

Approved August 30, 1949.
Hon. James E. Folsom
Governor of Alabama
C a p i t o l
Montgomery, Alabama

Dear Sir:

■ You are advised that it is our opinion that if the "undertaking" is not to improve an existing system or plant owned by the municipality and no part thereof is acquired by capital investment (other than money obtained by loans to construct the undertaking), it is within the competence of the parties to stipulate in the bonds, mortgage or deed of trust that the liability incurred is not a general obligation of the municipality within the meaning of §§ 222 and 225 of the Constitution and to limit the payment of such obligations out of the earnings and revenue arising from the operations of the finished project and the sale of the property constituting the undertaking or finished project.

This opinion is with the distinct understanding that the pledge for the payment of the bonds will not include any property which the city had already acquired or in which it has an equity nor the income from any such property.

When the question first arose in this state as to the nature of such bonds so secured in connection with §§ 222 and 225 of the Constitution we took pains to analyze the situation in an advisory opinion re-

ported in 226 Ala. 570, 148 So. 111, and came to the conclusion that when the obligation showed on its face or by its terms that it was not the general obligation of the city, but was only payable from income to be derived from the property to be acquired, it was not a debt nor bond within the meaning of §§ 222 and 225 of the Constitution. We have often repeated the opinion. Town of Opp v. Donaldson, 230 Ala. 689, 163 So. 332; Oppenheim v. City of Florence, 229 Ala. 50, 155 So. 859; Fuller v. City of Cullman, 240 Ala. 309, 199 So. 2.

In that first opinion of the Justices, supra, we quoted from cases in other states holding that there could also be a pledge of the property to be acquired along with the income from it to secure the payment of the money obtained to acquire or construct it; and we expressed the opinion that the pledge of the property so to be acquired and the income from it with no other obligation of the city to repay the fund in any respect does not create a debt and not affected by §§ 222 and 225 of the Constitution.

We do not seem to have had a case in which the property was pledged and subjected to foreclosure. The question of foreclosure was also referred to in our first opinion, supra. But under our cases and decisions we do not think it is controlling that the mortgage is subject to foreclosure when set up as we have indicated. State ex rel. City of Excelsior Springs v. Smith, 336 Mo. 1104, 82 S.W.2d 37; Clarke v. South Carolina, P.S.A., 177 S.C. 427, 181 S.E. 481.

■ We do not think such a mortgage and bonds so expressed create such an obligation as to require an election under § 222 of the Constitution.

The case of Newton v. City of Tuscaloosa, 251 Ala. 209, 36 So.2d 487, was based upon § 104(17) of the Constitution, relating to bonds or other securities, and the question was whether warrants were other securities referred to in § 104(17). We did not undertake to declare that revenue bonds so-called were debts so as to be affected by §§ 222 and 225.

■ We are not advised as to the provisions of the proposed bonds, mortgage or

deed of trust and we confine our opinion to the general observations above stated. See Alabama Power Co. v. City of Scottsboro, 238 Ala. 230, 190 So. 412; Opinion of the Justices, Ala.Sup., 41 So.2d 775.

Respectfully submitted,

JOEL B. BROWN
ARTHUR B. FOSTER
J. ED LIVINGSTON
THOMAS S. LAWSON
ROBERT T. SIMPSON

Associate Justices