47 So.2d 655

In re OPINION OF THE JUSTICES.

No. 114.

Supreme Court of Alabama.

Aug. 2, 1950.

Senate Resolution No. 4
By Mr. Henderson

Be it resolved by the Senate of Alabama, That the Justices of the Supreme Court of Alabama, or a majority of them, are respectfully requested to give this body their written opinions concerning the following important constitutional questions:

1. Does Act 241, S. 388 of the regular session of 1949, Acts of Alabama, 1949,

pp. 347–361, entitled, "An Act Relating to Wilcox County: Providing facilities for the mediation of labor disputes, equalizing the legal responsibilities of labor organizations and employers, prescribing penalties for violations of this Act, and conditioning the operation of the Act upon a favorable vote of the electorate of Wilcox County at a referendum," impose strictly non-judicial duties upon the Judge of the Fourth Judicial Circuit of Alabama contrary to Sections 42 and 43 of the Constitution?

2. Does said Act confer original jurisdiction upon the Supreme Court of Alabama contrary to Section 140 of the Constitution?

3. Are the provisions of said Act repugnant to Sections 42, 43, or 140 of the Constitution?

4. Does said Act and its title meet the requirements of Section 45 of the Constitution?

5. Is said Act contrary to Section 104 of the Constitution?

6. Is said Act violative of Section 105 of the Constitution?

7. If any part of said Act is unconstitutional can that part be separated and the remainder of the Act be valid?

8. If said Act is unconstitutional can it be amended and re-enacted to meet constitutional requirements in the form of the attached bill, which bill is incorporated herein and made a part hereof the same as if it were set out verbatim?

Be it resolved further, That the Justices are respectfully requested to return their opinions to the Secretary of the Senate, whether this body be in session or not; and the Secretary shall cause said opinions to be incorporated in the journal.

Adopted Aug. 1, 1950.

To the Senate of Alabama
State Capitol
Montgomery, Alabama

Re: Senate Resolution No. 4, by Mr. Henderson, dated August 2, 1950.

Gentlemen:

It is assumed that this resolution seeking an opinion regarding the constitutionality of Act No. 241, S. 388, Regular Session 1949, Acts 1949, pp. 347–361, was adopted under the belief that the inquiry contained therein was appropriate under the provisions of Article 3, Title 13, § 34 et seq., Code 1940. But we do not so regard it.

Under the long prevailing view, the statute has been considered as *privileging*—but not *requiring*—the *individual justices* of the Supreme Court to give advisory opinions on request of the governor or either house of the legislature on important constitutional questions. These opinions, however, are matter of grace from the said justices and have in the past been given in deference to the executive and legislative departments of the state, in order to guide them in the proper dispatch of their duties or to protect the officers and departments of the state in the performance of their duties under enacted legislation or to stabilize proposed bond issues, etc. Such opinions are not opinions of the Supreme Court and bind neither the justices nor the department or officer requesting the opinion. They are merely advisory—consultative only. In re Opinions of the Justices, 209 Ala. 593; 96 So. 487.

While the act did contemplate advisory opinions on specific inquiries, involving or concerning concrete, important constitutional questions upon matters or subjects of general public nature as distinguished from questions involved in the ascertainment or declaration of private right or interest (209 Ala. 594, 96 So. 487), yet it is to be observed from § 5 of the statute that one of its main functions was that the opinions of the justices should give protective force and effect to officers and departments of the state in acting under existing law.

The inquiry here propounded is clearly beyond the permissible scope of the statute and, however much would be our inclination or desire to defer to the wishes of the senate to give answer in

the matter, for the individual justices to embark upon undertakings to give hypothetical opinions as regards the constitutionality of any and all laws extant on the statute books of Alabama would so enlarge their duties and encumber them with work as would seriously jeopardize the proper functioning of the court. You must know the vast volume of work under which the court is laboring from cases properly submitted to it for review from inferior tribunals, and we do not think. we would be justified nor that the statute contemplated that these labors be distracted by the individual justices departing from the duties of their office to take the time necessary in studying the law to give answers to such hypothetical questions.

We think it appropriate at this time to invite attention to the fact that while as individual justices the members of the court, within permissible limits of the statute, are privileged to give their individual opinions on constitutional questions properly submitted to them, yet the court of which they are members, is one of appellate review and the constitutionality of statutes should be tested by appropriate adversary proceedings when available or when at all possible. The end result of such proceedings would be of binding force, whereas the opinions promulgated under Title 13, supra, are not.

While the other justices all are not available for comment, we feel certain they are concordant with this view.

We, therefore, must respectfully decline to answer the several questions propounded.

Respectfully yours,

JOEL B. BROWN
Associate Justice

J. ED LIVINGSTON
Associate Justice

THOMAS S. LAWSON
Associate Justice

ROBERT T. SIMPSON
Associate Justice.