Members of the House of Representatives
State Capitol
Montgomery, Alabama
Dear Sirs and Mesdames:
The Honorable John W. Pemberton, Clerk, Alabama House of Representatives, *1052 forwarded to the members of the Alabama Supreme Court the following House Resolution No. 42:
BE IT RESOLVED by the House of Representatives of Alabama that the Honorable Chief Justice and the Honorable Associate Justices of the Supreme Court, or a majority of them, are hereby respectfully requested to give this body their written opinion on the following important constitutional question which has arisen concerning pending H.B. 164 of the 1979 regular session of the Legislature of Alabama, a copy of which is attached to this Resolution and made a part hereof by reference:
1. In view of the fact that said H.B. 164 applies only to a waterworks board or boards incorporated under the provision of Title 11, Chapter 50, Article 9, Code of Alabama 1975, as amended, “which serves, operates, or does business in three or more counties”, and not to all waterworks boards in the state so incorporated, and thus on its face does not apply to the whole state and to each county in the state with the same force, is H.B. 164 a proposed local law as that term is defined by Section 110 of the Constitution of 1901, which must be published pursuant to the provisions of Section 106 of the Constitution?
RESOLVED further that the Clerk of the House of Representatives is hereby directed to send five true copies of the pending bill, H.B. 164, to the Clerk of the Supreme Court of Alabama and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution.
A BILL
TO BE ENTITLED
AN ACT
To provide further for the election of the directors of any waterworks board incorporated under Title 11, Chapter 50, Article 9, Code of Alabama 1975, which serves three or more counties. BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
Section 1. The directors of any waterworks board incorporated under the provisions of Title 11, Chapter 50, Article 9, Code of Alabama 1975, as amended, which serves, operates, or does business in three or more counties, shall be elected by the members of the state legislative delegation who represent any area served by the board. Each senator representing a district comprised of any area served by the board, acting jointly with all of the house members representing any part of such senate district shall elect one director, who shall reside in or do business within an area served by the board. No director of the corporation shall be an officer or employee of the board, an elected public official, or an owner or officer of a corporation doing business with the board exclusive of purchase of water from the board. The board shall elect from among its members one director to serve as chairman of the board, who shall vote only in the case of a tie.
Section 2. The current directors of any waterworks board to which this act applies shall serve out the remainder of their unexpired term under the provisions and restrictions of existing law. Additional directors of any such waterworks board shall be appointed from any senate district that does not have a member of the board representing the district as provided by this act. Thereafter, all directors of any such waterworks board shall be elected as provided- in this act.
Section 3. The provisions of the act are severable. If any part of this act is declared invalid or unconstitutional, such declaration shall not affect the part that remains.
Section 4. All laws or parts of laws which conflict with this act are hereby repealed.
Section 5. This act shall become effective immediately upon its passage and approval of the Governor, or upon its otherwise becoming a law.
*1053 Section 110 of the Alabama Constitution, as amended in November 1978, effected changes in the definitions of general laws and local laws. The effect of the amendment was to define a general law, to define a special or private law, and then provide that a local law is a law “which is not a general law nor a special or private law.” In effect, by exclusion, local laws are now defined. This is distinguished from the language of former § 110 wherein a local law was defined as a law “which applies to any political subdivision or subdivisions of the state less than the whole.”
Under § 110 as amended, general laws now appear to be defined in at least three categories: a law which in its terms and effect applies either (1) to the whole state, or (2) to one or more municipalities of the state less than a whole in a class where the classes are defined on the basis of criteria reasonably related to the purpose of the law, or (3) to one or more municipalities of the state less than the whole in a class based upon a general schedule of not more than eight classes of municipalities based on population.
Article 9 of Chapter 50 of Title 11, Code of Alabama 1975, is the codification of Act No. 175, Acts of Alabama Regular Session 1951. This chapter (§ 11-50-310 through § 11-50-314) authorizes the incorporation of public corporations for the purpose of operating a water system, a sewer system, a gas system and an electric system or any one or more of such systems. Section 11-50-314 provides the manner by which directors of such boards are elected (i. e. by the governing body of the municipality). House Bill 164 proposes a change as to the manner that members of waterworks boards are selected in cases where a waterworks board serves, operates or does business in three or more counties. In such cases, House Bill 164 proposes that board members be elected by “the state legislative delegation who represent any area served by the board.” Thus, while the bill does not by its express terms propose to amend the general law, the provisions thereof will, if enacted, effect an amendment thereto.
The answer to the question posed by House Resolution No. 42 turns upon whether House Bill 164, if enacted into law, by its terms and effect applies to the whole state. We do not consider whether the1 bill would constitute a general bill applying to one or more municipalities under § 110 as amended because the question framed does not raise this issue.
It is our opinion that the bill, by its terms and effect, would apply to every waterworks board in the whole state which serves, operates or does business in three or more counties, and is therefore a general bill under § 110 as amended. The provisions of House Bill 164 apply with equal force and effect throughout the whole state wherever there may be waterworks boards which fall within its stated provisions.
Since the passage of Act No. 43, Acts of Alabama Regular Session 1923 (codified at § 12-2-10, Code of Alabama 1975) the Justices of the Supreme Court have given advisory opinions on important constitutional questions then pending in the Legislature pursuant to this law. However, this procedure is not without difficulties and problems in that opportunities are not generally available for opposing views to present their respective positions nor are pertinent facts presented as in the usual adversary system in our courts. The very nature of the judicial process mandates that decisions be rendered only after all sides have presented their respective views. While the result of adversary proceedings is of binding force and effect, the opinions of the Justices are not so binding under this law. See Opinion of the Justices, 254 Ala. 177, 47 So.2d 655 (1950) and Opinion of the Justices, 291 Ala. 581, 285 So.2d 87 (1973). Thus, opinions of the Justices are merely advisory — consultative only. Opinion of the Justices, 209 Ala. 593, 96 So. 487 (1923).
As to the instant inquiry, the question itself is framed in a manner which might lead to a conclusion that the proposed legislation “on its face does not apply to the whole state . . . with the same force.” Amicus curiae briefs have been *1054 filed with this court on behalf of the City of Birmingham and its Waterworks Board. These briefs indicate that House Bill 164 was intended to apply only to the Waterworks Board incorporated in Jefferson County. However, it has been reported in the news media that at least one other waterworks board operates and serves more than three counties. Accordingly, the Justices have no way of ascertaining factually how many waterworks boards throughout the state would come under the provisions of the proposed legislation.
Our opinion is . based upon our study of the bill itself and the application of § 110, as amended, of our Constitution, all without the benefit of the development of facts, the presentation of opposing briefs, and without oral presentation to this court.
Respectfully submitted,
C. C. TORBERT, Jr. Chief Justice
JAMES N. BLOODWORTH
HUGH MADDOX
JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
ERIC EMBRY
SAMUEL A. BEATTY Justices