To the Members of the Senate
State Capitol
Montgomery, Alabama
Gentlemen:
In Senate Resolution 29[1] you requested our opinion regarding “S.B. 87 of the 1981 First Special Session,”[2] which pertains to the creation, appointment, qualifications, powers, duties, compensation and appropriation for three proposed new judicial offices in the Tenth Judicial Circuit. The questions asked are as follows:
“1. Does Section 1 of this bill contravene Amendment 83 of the Constitution of 1901?”
“2. Does Section 2 of this bill contravene Amendment 83 of the Constitution of 1901?”
“3. Does Section 1 of this bill violate the provisions of Amendment 328, Section 6.14 of the Constitution?”
“4. Does Section 2 of this bill violate the provisions of Amendment 328, Section 6.14 of the Constitution?”
Since the passage of Act No. 43, Acts of Alabama, Regular Session 1923 (now codified at § 12-2-10, Code of Alabama 1975), the individual Justices, within permissible limits, have been privileged under the law to give advisory opinions on important constitutional questions then pending in the Legislature; and, in the spirit of harmony and cooperation, a majority of the individual Justices have frequently exercised this privilege. However, this procedure is not without difficulty in that the opportunity is not generally available for opposing views to present their respective positions, nor are pertinent facts presented as is usual in the adversary nature of our judicial system. The Supreme Court’s primary function is one of appellate review, exercised in the context of adversary proceedings. The very nature of our judicial process mandates that decisions be rendered only after all sides have presented their respective views, together with appro *937 priate legal precedent and authority supporting such views. When the constitutionality of statutes is so tested, the end result is of binding force and effect; whereas the opinions of the individual Justices, promulgated under § 12-2-10, Code of Alabama 1975, are not so binding under this law. Opinion of the Justices, 254 Ala. 177, 47 So.2d 655 (1950); Opinion of the Justices, 291 Ala. 581, 285 So.2d 87 (1973); and Opinion of the Justices, 294 Ala. 589, 319 So.2d 715 (1975). Thus, opinions of the Justices are merely advisory — consultative only. Opinion of the Justices, 209 Ala. 593, 96 So. 487 (1923).
Although pending legislation, involving important constitutional issues, falls within the purview of this statutory prerogative, expressions of opinions, hastily and abstractly considered, may well pose a greater danger of confusion and uncertainty than the exercise of judicial restraint in declining to respond to the questions submitted. The issues presented by Senate Resolution 29 relating to S.B. 87 of the 1981 First Special Session has been submitted to the Justices of this Court without the benefit of the expression of opposing views by way of written briefs or oral presentation. In our study of the questions posed in Senate Resolution 29, we have noted that the Legislature has created a number of additional circuit judgeships since the ratification of Amendment 328 of the Constitution of 1901 providing for the initial selection of the person to fill the newly created judgeship either by authorizing appointment by the governor, or in some instances providing that the judgeship be filled by election at the next general election. In one such instance, Act No. 79-692 creating the office of circuit judgeship number twenty of the Tenth Judicial Circuit of Alabama, the Legislature provided that the first judge be appointed in the manner provided by Amendments 83 and 110 to the Constitution of Alabama. Thus, the Legislature has authorized additional judgeships, and has further provided for the filling of such judge-ships by several different methods. Pending S.B. 87 proposes to establish even another method of initially filling the newly created judgeship. To date, our research has revealed no decided cases by the Supreme Court since the adoption of Amendment 328 which could serve as a precedent or authority to express our opinion with respect to the questions posed by Senate Resolution 29.
Respectfully and regretfully, we are compelled to decline to answer the questions here submitted. Because of the complexity of the constitutional issues, the absence of any clear apparent authority readily discernible from a plain reading of the pertinent language of the present State Constitution and statutes, and the serious legal and political implications here involved, our considered judgments constrain us to await the appropriate adversary context of a more deliberative litigated proceeding in which to address and postulate a definitive response to these issues.
Respectfully submitted,
C. C. TORBERT, Jr.
Chief Justice
HUGH MADDOX
JAMES H. FAULKNER
RICHARD L. JONES
RENEAU P. ALMON
JANIE L. SHORES
T. ERIC EMBRY
SAM A. BEATTY
OSCAR W. ADAMS, Jr.
Justices
APPENDIX A
SR 29 REQUESTING AN ADVISORY OPINION OF THE JUSTICES OF THE SUPREME COURT RELATIVE TO PENDING S.B. 87 OF THE 1981 FIRST SPECIAL SESSION.
BE IT RESOLVED BY THE SENATE OF THE LEGISLATURE OF ALABAMA, That we do respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinions of the important constitutional questions *938 which have arisen concerning the pending S.B. 87 of the 1981 First Special Session, which bill pertains, inter alia, to creating three new judgeships in the Tenth Judicial Circuit, providing for their appointment, qualifications, powers, duties and compensation and benefits. Copies of said bill are attached hereto and made a part hereof by reference.
1. Does Section 1 of this bill contravene Amendment 83 of the Constitution of 1901?
2. Does Section 2 of this bill contravene Amendment 83 of the Constitution of 1901?
3. Does Section 1 of this bill violate the provisions of Amendment 328, Section 6.14 of the Constitution?
4. Does Section 2 of this bill violate the provisions of Amendment 328, Section 6.14 of the Constitution?
5. Does Section 2 propose a local law within the meaning of Article 4, Section 106 of the Constitution?
6. Does Section 6 propose a local law within the meaning of Article 4, Section 106 of the Constitution?
7. Does the provisions of this bill violate the provisions of Article 4, Section 110?
RESOLVED FURTHER, That the Secretary of the Senate is hereby directed to send sufficient copies of the pending S.B. 87 with attachments to the Clerk of the Supreme Court of Alabama and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this resolution.
APPENDIX B
S. 87
By Mr. Pearson
RFD — Finance & Taxation
Rd 1-8-6-81
SYNOPSIS: This bill creates three additional judgeships for the Tenth Judicial Circuit.
A BILL TO BE ENTITLED AN ACT
To create three additional judgeships for the Tenth Judicial Circuit of Alabama; to prescribe definitions and legislative intent; to provide for the appointment of such judges; to prescribe the jurisdiction, powers, authority, qualifications, duties, and compensation of such judges, and to render such judges liable to all the pains and penalties of other circuit judges in the state; to further provide for a division of authority and duties between judgeships in said circuit; to amend Section 12-17-20 of the Code of Alabama 1975; to make an appropriation to the unified judicial system from the general fund of the state treasury for the fiscal years ending September 30, 1981 and September 30, 1982; to repeal all laws or parts of laws in conflict herewith, and to provide for the effectiveness and effective date of this act; and to provide that the provisions of the act are non-severable. BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
Section 1. It is the express intent of the legislature that the three judgeships created by this act are not vacancies and, therefore, not subject to the provisions of Amendment 83 to the Constitution of 1901. As used in this act the word “created” shall mean to bring into being; to cause to exist and the word “vacancy” shall mean an office existing prior to the provisions of this act which office is unoccupied.
Section 2. There are hereby created the offices of circuit judgeships Nos. 21, 22, and 23 of the Tenth Judicial Circuit of Alabama, which shall be in addition to the judgeships of said circuit now existing. The first judges of said additional circuit judgeships Nos. 21,22, and 23 shall be appointed by the Governor and shall hold office until their successors have been elected and qualified as provided by law. The judges of said circuit judgeships Nos. 21, 22 and 23 shall be appointed for the same terms of office as other circuit judges are elected in the state as provided by Section 6.14 of Amendment 328.
Section 3. The judges of said circuit judgeships Nos. 21, 22, and 23 shall have and exercise all of the jurisdiction, powers, rights, and authority and possess all of the qualifications, perform all the duties, and be subject to all the pains, obligations, and *939 penalties that other circuit judges may exercise, perform, or be subject to, and shall sit in that division of said circuit to which the circuit judges numbers 1 through 4, 6 through 11, 13 through 18 and 20, sit and perform the same duties in said division as performed by the other judges of the division, subject to assignment by the presiding judge of the circuit.
Section 4. The additional circuit judges appointed pursuant to the provisions of this act shall receive the same salary, and supplements payable in the same manner, as other circuit court judges in the Tenth Judicial Circuit.
Section 5. Section 12-17-20 of the 1975 Code of Alabama is amended to read as follows:
“§ 12-17-20. (a) Except as otherwise provided in this section, each judicial circuit of the state shall have one resident circuit judge.
“(b) In the following judicial circuits, there shall be the number of resident circuit judges listed below:
“(1) There shall be two circuit judges in the first judicial circuit. The judge occupying judgeship No. 1 shall be the presiding judge.
“(2) There shall be two circuit judges in the fourth judicial circuit.
“(3) There shall be three circuit judges in the fifth judicial circuit.
“(4) There shall be five circuit judges in the sixth judicial circuit.
“(5) There shall be four circuit judges in the seventh judicial circuit.
“(6) There shall be three circuit judges in the eighth judicial circuit.
“(7) There shall be two circuit judges in the ninth judicial circuit.
“(8) There shall be 20 23 circuit judges in the tenth judicial circuit.
“(9) There shall be two circuit judges in the eleventh judicial circuit.
“(10) There shall be two circuit judges in the twelfth judicial circuit.
“(11) There shall be nine circuit judges in the thirteenth judicial circuit.
“(12) There shall be three circuit judges in the fourteenth judicial circuit.
“(13) There shall be six circuit judges in the fifteenth judicial circuit. At least two judges shall be assigned to the criminal division of said circuit, and one or more judges shall be assigned to the civil division, in the discretion of the presiding judge.
“(14) There shall be four circuit judges in the sixteenth judicial circuit.
“(15) There shall be three circuit judges in the eighteenth judicial circuit.
“(16) There shall be two circuit judges in the ninteenth judicial circuit.
“(17) There shall be three circuit judges in the twentieth judicial circuit.
“(18) There shall be two circuit judges in the twenty-second judicial circuit.
“(19) There shall be six circuit judges in the twenty-third judicial circuit.
“(20) There shall be two circuit judges in the twenty-fifth judicial circuit.
“(21) There shall be two circuit judges in the twenty-sixth judicial circuit.
“(22) There shall be two circuit judges in the twenty-seventh judicial circuit.
“(23) There shall be two circuit judges in the twenty-eighth judicial circuit.
“(24) There shall be two circuit judges in the twenty-ninth judicial circuit.
“(25) There shall be two circuit judges in the thirtieth judicial circuit.
“(26) There shall be two circuit judges in the thirty-first judicial circuit.
“(27) There shall be two circuit judges in the thirty-second judicial circuit.
“(28) There shall be two circuit judges in the thirty-third judicial circuit.
“(29) There shall be two circuit judges in the thirty-seventh judicial circuit.
“(30) There shall be two circuit judges in the thirty-eighth judicial circuit.”
Section 6. The provisions of Section 5 of this act shall be effective upon the filling of the three new judgeships in the Tenth Judicial Circuit by the Governor.
*940 Section 7. There is hereby appropriated to the unified judicial system from the general fund, the sum of fifty thousand dollars for the fiscal year 1980-81 and the sum of two hundred and thirty-five thousand dollars for the fiscal year beginning October 1, 1981, for the support and maintenance of the additional circuit judgeships herein created. These sums shall be in addition to any and all appropriations hereinbefore or herewith made.
Section 6. All laws and parts of laws, whether general, special or local, in conflict with the provisions of this act, are hereby repealed.
Section 7. The provisions of this act are inseparable and non-severable and that if any section, clause or provision herein shall be declared unconstitutional or invalid, the entire act shall be null and void ab initio.
Section 8. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

. Set out in appendix A.

. Set out in appendix B.