Members of the Senate
Alabama State House
Montgomery, Alabama 36130
Dear Senators:
We have received Senate Resolution 110, “Requesting an Advisory Opinion of the Justices of the Supreme Court Relative to Senate Bill 524 and Senate Bill 525.” This resolution reads:
“BE IT RESOLVED BY THE SENATE OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and the Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinion on the following important constitutional question which has arisen concerning the pending bills, Senate Bill 524 and Senate Bill 525, copies of which are attached to this resolution and made a part hereof by reference:
“(1) Senate Bill 524 permits active members of the Employees’ Retirement System who are employees of the Alabama State Docks, including those persons paid from the ‘L-Payroll,’ to purchase credit with the Employees’ Retirement System for prior service with the state docks for which the member has been credited with another pension plan. To receive this benefit, the member must waive all benefits attributed to the years purchased that he or she may have qualified for under any other existing plan.
“(2) Senate Bill 525 provides that all employees of the Alabama State Docks at Mobile would be merit system employees except those employees of the Terminal Railroad at the state docks who are subject to the Federal Railway Labor Act and the Railroad Retirement Act. This bill would include certain employees currently subject to a collective bargaining agreement or on a specified special payroll. This bill expressly prohibits any collective or negotiated bargaining of benefits by any employee covered under the state merit system. This bill would allow the purchase of credit in the Employees’ Retirement System for prior service with the state docks that an employee has received credit for in another pension plan if the employee agrees to waive all of the benefits attributed to those years which he or she may have qualified for under the other plan. This bill requires that certain state officials expedite its implementation and exempts certain procedures of these officials from the Administrative Procedure Act.
*126 “Are Senate Bill 524 and Senate Bill 525 unconstitutional pursuant to the United States Constitution, Article 6, Clause 2, because the Railway Labor Act, 45 U.S.C. 151 et seq. (1988), has preempted the State of Alabama from legislating new conditions of employment for employees of the Alabama State docks who are subject to a collective or negotiated bargaining agreement?”
Alabama Code 1975, § 12-2-10, provides that the Governor or either house of the legislature may obtain an opinion of the Justices “on important constitutional questions.” The answer to your question would depend upon a construction of 45 U.S.C. § 151 et seq., the Railway Labor Act. The Justices have consistently declined to answer questions relating to matters of statutory construction rather than to constitutional interpretation. Opinion of the Justices No. 308, 449 So.2d 289 (Ala.1984); Opinion of the Justices No. 212, 291 Ala. 581, 285 So.2d 87 (1973); Opinion of the Justices No. 180, 276 Ala. 239, 160 So.2d 648 (1964); Opinion of the Justices No. 124, 256 Ala. 158, 53 So.2d 739 (1951); Opinion of the Justices No. 122, 255 Ala. 656, 53 So.2d 367 (1951); Opinion of the Justices No. 109, 253 Ala. 111, 43 So.2d 3 (1949); Opinion of the Justices No. 84, 249 Ala. 525, 32 So.2d 303 (1947).
Although your question asks whether the pending bills violate the Supremacy Clause, Art. VI, cl. 2, of the United States Constitution, you ask only if the bills would violate that clause if they conflict with the Railway Labor Act. Thus, the answer would depend on a construction of that Act.
Moreover, the application of the Railway Labor Act to the employees affected by Senate Bills 524 and 525 would involve detailed factual questions as to which we have no information. The Justices have declined to answer hypothetical questions or questions as to which necessary information is lacking. Opinion of the Justices No. 280, 417 So.2d 936 (Ala.1981); Opinion of the Justices No. 208, 288 Ala. 89, 257 So.2d 336 (1972); Opinion of the Justices No. 162, 267 Ala. 110, 100 So.2d 565 (1959); Opinion of the Justices No. 114, 254 Ala. 177, 47 So.2d 655 (1950); Opinion of the Justices No. 108, 252 Ala. 583, 42 So.2d 348 (1949); Opinion of the Justices No. 102, 252 Ala. 527, 41 So.2d 775 (1949); Opinion of the Justices No. 63, 244 Ala. 384, 13 So.2d 762 (1943). However, we do note that Senate Bill 525 excepts from its operation all employees of the Terminal Railroad who are subject to the Railway Labor Act; it is not apparent that any other employees affected by either of these bills would be subject to that Act. Furthermore, the Act applies to employees of railway carriers, and it is not apparent how any state employees would fit within its provisions. These uncertainties illustrate the rationale behind the long-standing practice of declining to answer hypothetical or insufficiently predicated questions.
For the foregoing reasons, we must respectfully decline to answer your question.
Respectfully submitted,
SONNY HORNSBY, Chief Justice
HUGH MADDOX RENEAU P. ALMON JANIE L. SHORES OSCAR W. ADAMS, JR. GORMAN HOUSTON HENRY B. STEAGALL II MARK KENNEDY KENNETH F. INGRAM Justices