96 So.2d 752

## OPINION OF THE JUSTICES.

### No. 160.

Supreme Court of Alabama.

Aug. 15, 1957.

———◇———

To the Members of the House
 of Representatives
State Capitol
Montgomery, Alabama

Dear Sirs:

Under date of August 2, 1957, the Clerk of the House of Representatives transmitted to the Justices of the Supreme Court of Alabama your Resolution No. 72, wherein you request an advisory opinion of the Justices concerning the constitutionality of H. B. 938, a true copy of which was attached to and made a part of your resolution.

We have examined H. B. 938 with considerable care and find that it is identical in every material respect with the language used in Act No. 805, approved September 11, 1951, Acts of Alabama, 1950–1951, p. 1402, except that in H. B. 938 the word "sugar" appears wherever the word "cigarette" appears in the 1951 act, supra.

Act No. 805, supra, is known as "The Unfair Cigarette Sales Act," and we know as a matter of common knowledge that it has been under attack in the nisi prius courts of this state on several occasions. It is not unreasonable to assume that this court will ultimately be called upon to pass on the validity of "The Unfair Cigarette Sales Act" because of its highly controversial nature and we entertain the view that we should decide that question in an adversary proceeding, unfettered by an advisory opinion rendered without the benefit of briefs or argument of counsel.

Under a long prevailing view, the provisions of § 34 et seq., Title 13, Code 1940, have been considered as privileging—but not requiring—the individual Justices of the Supreme Court to give advisory opinions at the request of the Governor or either House of the Legislature on important constitutional questions. These opinions are usually given in deference to the executive and legislative departments of the state in order to guide them in the proper dispatch of their duties and to protect the officers and departments of the state in the performance of their duties under enacted legislation or under stipulations of proposed bond issues, etc.

We think it appropriate at this time to again invite attention to the fact that while as individual Justices the members of this court, within permissible limits of the statute, are privileged to give their individual opinions on constitutional questions properly submitted to them, yet the court of which they are members is a court of appellate review and the constitutionality of existing statutes should be tested by appropriate adversary proceedings when available or when at all possible. The end result of such proceedings would be of binding force, whereas the opinions promulgated under Title 13, supra, are not.

We feel that if we answer your inquiry concerning H.B. 938, our action might well be construed simply as an effort to pass upon the validity of "The Unfair Cigarette Sales Act," an existing statutory enactment, without the benefits of an adversary proceeding.

For the foregoing reasons, we must respectfully decline to answer the questions propounded.

Respectfully submitted,

/S/ J. ED LIVINGSTON
Chief Justice

/S/ THOMAS S. LAWSON

/S/ ROBERT T. SIMPSON

/S/ DAVIS F. STAKELY

/S/ JOHN L. GOODWYN

/S/ PELHAM J. MERRILL

/S/ JAS. S. COLEMAN, Jr.
Associate Justices