132 So.2d 381

### OPINION OF THE JUSTICES.

#### No. 171.

Supreme Court of Alabama.

Aug. 17, 1961.

His Excellency John Patterson, Governor
State of Alabama
Montgomery, Alabama

Dear Sir:

Your request under date of July 25, 1961, for an advisory opinion with reference to certain constitutional questions pertaining to S 474 now pending before the legislature, is respectfully acknowledged.

Pending Bill S 474 appears to be in the same posture as was HB 938, referred to in Opinion of the Justices, 266 Ala. 370, 96 So.2d 752. In that opinion the justices thought it unwise to answer the constitutional question there propounded for the reason that there had already been enacted by the legislature a statute identical in every material respect with the language used in HB 938, except that in the statute the word "cigarette" appeared whereas in HB 938 the word "sugar" appeared. The basis upon which the justices declined to answer the inquiry with reference to HB 938 was that where a statute similar in material respects had already been enacted into law, it would be unwise to pass upon the pending bill without aid of briefs whereas the enacted statute could come before the court for appellate review in an adversary proceeding, with briefs and argument.

Such seems to be the status of pending bill S 474. In the preamble to S 474 is a statement that the pending bill proposes to supersede "an act approved October 9, 1947 entitled 'An Act To enable farmers who are producers of agricultural commodities to act jointly with dealers and processors in promoting the sale, distribution, and consumption of such Alabama products'." The 1947 act mentioned in the preamble which S 474 proposes to supersede deals with "peanuts, bulbs and fruits and vegetables", whereas the pending bill relates to "cotton". Nevertheless, the language of each act in material respects is the same except with reference to the agricultural product mentioned. On authority of the Opinion of the Justices, 266 Ala. 370, 96 So.2d 752, therefore, the individual justices are of the opinion that it would be untimely to voice an opinion with reference to the constitutionality of pending Bill S 47

Nevertheless, it might be well to call attention to the Georgia case of Agricultural Commodities Authority et al. v. Balkcom, 215 Ga. 107, 109 S.E.2d 276, where the factual situation presented in that case was practically similar to those set out in the pending bill wherein the holding was that an act of the General Assembly of Georgia empowering appellant authority to collect a tax was an unconstitutional delegation to

the appellant of the power to tax. See § 212, Alabama Constitution 1901; 25 N. C. Law Review 396–400.

Therefore, we perforce must decline to answer your Excellency's inquiry.

Respectfully submitted,

J. ED LIVINGSTON,
Chief Justice
THOMAS S. LAWSON,
ROBERT T. SIMPSON,
DAVIS F. STAKELY,
JOHN L. GOODWYN,
PELHAM J. MERRILL,
JAMES S. COLEMAN, Jr.,
Justices.