319 So.2d 715

**OPINION OF THE JUSTICES.**

**No. 214.**

Supreme Court of Alabama.

July 2, 1975.

The House of Representatives
State Capitol
Montgomery, Alabama

Dear Sirs:

We are in receipt of House Resolution 87, adopted June 10, 1975, which is, in part, as follows:

"H.R. 87.

"BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the honorable Chief Justice and the Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinions on the following important constitutional questions which have arisen concerning the pending bill, H.B. 306, a bill which amends and reenacts Act No. 1056, S. 1, Regular Session 1973 (Acts 1973, page 1699) the act establishing the present Ethics Commission.

"1. Will H.B. 306, if enacted, delegate a part of the legislative power of the State in contravention of Section 44 of the Constitution of Alabama, which provides: 'The legislative power of this State shall be vested in a legislature, which shall consist of a senate and a house of representatives'?

"2. Will said H.B. 306, if enacted, contravene Section 53 of the Constitution of Alabama, which vests in each house of the legislature the power to punish its members for contempt or disorderly behavior in its presence and to protect its members against offers of bribes or corrupt solicitations?

"3. If H.B. 306 is not enacted does Act No. 1056, S. 1 of the Regular Session 1973, in its present form, also contravene the above mentioned sections 44 and 53 of the Constitution of Alabama."

We have examined H.B. 306 with care and note that it is for the most part identical to Act No. 1056, S. 1 of the Regular Session 1973, except for certain changes that do not affect our decision herein.

We take notice of the fact that Act No. 1056 has been challenged on several occasions in the circuit courts of Montgomery County and that at least one such case has been certified for appeal to this court. We are of the view that we should address the constitutionality of Act No. 1056 in this up-coming adversary proceeding unfettered by an advisory opinion rendered without benefit of briefs or arguments of counsel. While an advisory opinion is not binding upon the court or the justices who deliver it, still such an opinion would be persuasive and may prejudice the rights of litigants who were given no opportunity to present arguments to the justices of the court prior to the rendering of their opinions.

The justices of this court were faced with a similar set of facts when they were requested by the legislature to give an opinion on the constitutionality of a proposed bill almost identical to the "Unfair Cigarette Sales Act," already enacted, which was being challenged in pending litigation. Declining to advise the legislature, the justices wrote in Opinion of the Jus-

tices, 266 Ala. 370, 371, 96 So.2d 752, 753 (1957):

"Under a long prevailing view, the provisions of § 34 et seq., Title 13, Code 1940, have been considered as privileging —but not requiring—the individual Justices of the Supreme Court to give advisory opinions at the request of the Governor or either House of the Legislature on important constitutional questions. These opinions are usually given in deference to the executive and legislative departments of the state in order to guide them in the proper dispatch of their duties and to protect the officers and departments of the state in the performance of their duties under enacted legislation or under stipulations of proposed bond issues, etc.

"We think it appropriate at this time to again invite attention to the fact that while as individual Justices the members of this court, within permissible limits of the statute, are privileged to give their individual opinions on constitutional questions properly submitted to them, yet the court of which they are members is a court of appellate review and the constitutionality of existing statutes should be tested by appropriate adversary proceedings when available or when at all possible. The end result of such proceedings would be of binding force, whereas the opinions promulgated under Title 13, supra, are not."

We further take notice that the House of Representatives has acted upon a subsequently proposed bill numbered H.B. 240 which would repeal the State Ethics Law, abolish the Ethics Commission, and require only the filing of financial disclosure statements. H.B. 240, as acted upon by the House of Representatives, appears to conflict with the provisions of H.B. 306 which has been presented for our opinion. In view of this fact it appears that the House of Representatives, from which this request for opinion emanated, has, in effect, already discarded H.B. 306, and its consid-

eration is no longer effectively pending before that body.

Respectfully submitted,

(s) ————————————
Howell T. Helflin
Chief Justice

(s) ————————————
Pelham J. Merrill

(s) ————————————
James N. Bloodworth

(s) ————————————
Hugh Maddox

(s) ————————————
James H. Faulkner

(s) ————————————
Richard L. Jones

(s) ————————————
Reneau P. Almon

(s) ————————————
Janie L. Shores

(s) ————————————
Eric Embry
Justices.

## H.R. 87 REQUESTING AN ADVISORY OPINION OF THE JUSTICES OF THE SUPREME COURT RELATIVE TO H.B. 306. AND ACT NO. 1056 OF 1973 REGULAR SESSION.

BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the honorable Chief Justices and the Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinions on the following important constitutional questions which have arisen concerning the pending bill, H.B. 306, a bill which amends and re-enacts Act No. 1056, S. 1, Regular Session 1973, (Acts 1973, page 1699) the act establishing the present Ethics Commission.

1. Will H.B. 306, if enacted, delegate a part of the legislative power of the State in contravention of Section 44 of the Constitution of Alabama, which provides: "The legislative power of this State shall be vested in a legislature, which shall con-

**592**

sist of a senate and a house of representatives"?

2. Will said H.B. 306, if enacted, contravene Section 53 of the Constitution of Alabama, which vests in each house of the legislature the power to punish its members for contempt or disorderly behavior in its presence and to protect its members against offers of bribes or corrupt solicitations?

3. If H. 306 is not enacted does Act No. 1056, S. 1 of the Regular Session 1973, in its present form, also contravene the above mentioned sections 44 and 53 of the Constitution of Alabama.

RESOLVED FURTHER, That the Clerk of the House is hereby directed to send nine true copies of the pending bill, H.B. 306, and nine true copies of Act No. 1056, S. 1 of the Regular Session 1973 to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon the adoption of this Resolution.