To the Honorable Speaker and Members of
The House of Representatives State Capitol
Montgomery, Alabama
Dear Sirs and Mesdames:
We acknowledge receipt of House Resolution No. 416 requesting an advisory opinion upon the constitutionality of the following:
“SYNOPSIS: This act further amends Section 11-6-2, Code of Alabama 1975, so as to add Houston County to the list of counties not required to have a qualified land surveyor as county engineer.
“A BILL
TO BE ENTITLED
AN ACT
“To further amend Section 11-6-2 of the Code of Alabama 1975 as last amended so as to add Houston County to the list of counties exempt from the requirement that the county engineer be a qualified land surveyor.
BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. Section 11-6-2, Code of Alabama 1975, as last amended, is hereby further amended to read as follows:
*173 “ ‘§ 11-6-2. The person appointed as county engineer, or chief engineer of the division of public roads within the meaning of this article shall be a registered professional engineer and land surveyor in the state of Alabama in good standing and in addition he shall have had not less than three years experience in the maintenance and construction of highways and bridges; except, that in all counties having populations of not less than 300,000 nor more than 600,000 inhabitants according to the most recent or any subsequent federal decennial census and in Cleburne, Crenshaw, Chilton, Fayette, Winston, Lamar, Cullman, Perry, Bullock, Houston, Macon, Montgomery, Clay, Walker and Coffee counties, the county engineer need not be qualified as a land surveyor in order for the state highway department to participate in the payment of a portion of said county engineer’s salary as provided in section 11-6-4; provided, however, that the exemption for Montgomery county shall expire on May 1, 1979.’
“Section 2. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.”
Under § 12-2-10, Code of Alabama 1975, the Supreme Court is authorized to issue advisory opinions on important constitutional questions. However, this court has heretofore restricted these opinions to questions on the constitutionality of proposed legislation arising under specific provisions of the Constitution. In re Opinion of the Justices, 335 So.2d 392 (Ala.1976); In re Opinion of the Justices, 291 Ala. 128, 278 So.2d 711 (1973); In re Opinion of the Justices, 286 Ala. 156, 238 So.2d 326 (1970). We view “proposed legislation” as a bill introduced and pending in the Legislature.
The constitutional questions raised by House Resolution No. 416, so far as is shown by the language of the resolution itself, do not appear to pertain to a bill which has been introduced in the House of Representatives. There being no reference to a House Bill Number on the face of the request, House Resolution No. 416 fails to show this court that the attached document, which is in the form of a bill, is currently pending before the Legislature. Therefore, we must respectfully decline to answer the questions presented.
We direct your attention to House Resolution No. 465 which was submitted to this court for an advisory opinion and covers substantively the same subject matter and constitutional questions raised in House Resolution No. 416.
Respectfully submitted,
C. C. TORBERT, Jr.,
Chief Justice
JAMES N. BLOODWORTH
ALYA HUGH MADDOX
JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
T. ERIC EMBRY
SAM A. BEATTY
Justices.