To the Honorable Speaker and Members of the House of Representatives
State Capitol
Montgomery, Alabama
Dear Ladies and Gentlemen:
The Chief Justice has received a letter from the Honorable John W. Pemberton, Clerk, House of Representatives, dated February 19,1981, forwarding a copy of House Resolution No. 76 in which the House has requested our opinion as to the constitutionality of House Bill 465, 1980 Regular Session. The resolution reads as follows:
BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinions on the following important constitutional question which has arisen concerning the pending H.B. 465, amending Section 11-41-1 of the Code of Alabama, 1975, pertaining to the incorporation of a municipality, copies of which are attached to this resolution and made a part hereof by reference. In pertinent part, Section 11-41-1 reads:
“...; provided that an unincorporated community lying within or partly within the boundaries of a county having a population of 600,000 or more, according to the most recent federal decennial census, shall not be incorporated under this section if the territory proposed to be incorporated has a total population of less than 1,000 or if the territory or any part of its perimeter lies within three miles of the corporate limits of any existing city or town.” (Emphasis added)
*958 1. Does the language of Section 11-41-1, Code of Alabama 1975, set out herein, fall within the United States constitutional prohibitions of the Fourteenth Amendment for due process and equal protection of the laws and therefore operate arbitrarily and discriminatorily against certain people of the state because they live “within three miles of the corporate limits of any existing city or town” only when the boundaries lie within a county having 600,000 or more inhabitants?
2. Does the language of the said section, set out hereinabove, contravene the provisions of Article I, Section 1 of the Constitution of Alabama, 1901, in that this general law has unequal public application which operates to arbitrarily violate the constitutional rights of citizens within the same county?
3. Does the language of the said section contravene the provisions of Article I, Section 35 of the Constitution of Alabama, 1901, in that the provisions operate arbitrarily or capriciously against certain citizens in a certain classification without a compelling state interest?
4. Does the language of Section 11-41-1 of the Code of Alabama, 1975, exclude a certain group of persons within the same territory so as to deny them due process and equal protection of the laws guaranteed under the federal constitution?
RESOLVED FURTHER, That the Clerk of the House of Representatives is hereby directed to send sufficient copies of the pending bill, H.B. 465, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution.
The copy of House Bill No. 465, forwarded with the resolution reads:
A BILL
TO BE ENTITLED
AN ACT
To further amend Section 11-41-1, Code of Alabama 1975, relating to the incorporation of a municipality, so as to change the requirements for population.
BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
Section 1. Section 11 — 41—1, Code of Alabama 1975, is hereby amended to read as follows:
“§ 11-41-1.
“When the inhabitants of an unincorporated community, which has a population of not less than 75 100, constituting a body of citizens whose residences are contiguous to and all of which form a homogeneous settlement or community, desire to become organized as a municipal corporation, they may apply to the probate judge of the county in which such territory is situated, or the greater portion thereof if it is situated in two or more counties, for an order of incorporation, by a petition in writing signed by not less than 15 percent of the qualified electors residing within the limits of the proposed municipality; provided, that an unincorporated community lying within or partly within the boundaries of a county having a population of 600,000 or more, according to the most recent federal decennial census, shall not be incorporated under this section if the territory proposed to be incorporated has a total population of less than 1,000 or if the territory or any part of its perimeter lies within three miles of the corporate limits of any existing city or town.
“Such petition shall state the proposed name of such municipality and shall have attached thereto and as a part thereof an accurate plat of the territory proposed to be embraced within the corporate limits, including all subdivisions into lots, blocks, streets and alleys, within such territory, if any, and an accurate description by metes and bounds of the boundary of such territory. No platted or unplatted territory shall be included within such boundary unless there are at least four qualified electors, according to government survey, residing on each quarter of *959 each quarter section or part thereof of such platted or unplatted land, who assent thereto in writing by signing said petition, together with the consent of the persons, firms, or corporations owning at least 60 percent of the acreage of such platted or unplatted lands, such consent to be signified by their signing said petition. Proof of residence and qualifications as electors of petitioners and of persons affected shall be made to the judge of probate, by affidavit or otherwise, as he may direct. When determining the ownership of such lands, the person, firm or corporation assessing the same for' taxation shall be accepted by the probate judge as prima facie the owner thereof.
“The inhabitants of any island having an area of not less than five square miles and a population of not less than 300 qualified electors actually residing thereon and being situated in a county having a population of not less than 300,000 nor more than 600,000 according to the 1970 or any subsequent federal decennial census, may become organized as a municipal corporation, embracing within the corporate limits of the proposed municipality the entire area of the island, even though there may be on such island one or more quarters of a quarter section according to the government survey on which no qualified elector resides, if not less than 51 percent of the qualified electors residing on the island sign and file with the judge of probate a petition requesting the judge of probate to call an election relative to the incorporation and the vote at such election is favorable to incorporation. Such petition shall state the proposed name of the municipality and shall have attached thereto and made a part thereof an accurate plat of the entire island, including all subdivisions into lots, blocks, streets and alleys within the territory, and an accurate description by metes and bounds of the island. Except as provided in this section, the incorporation of any such municipality shall be governed by laws currently providing for the incorporation of unincorporated communities.”
Section 2. The provisions of this Act are severable. If any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.
Section 3. All laws or parts of laws which conflict with this Act are hereby repealed.
Section 4. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.
We have examined H.B. 465, and we note that H.B. 465 amends Code 1975, § 11-41-1 only to change the requirement for population from 75 to 100. H.B. 465 in no way changes the proviso in § 11-41 — 1, on which you now ask our opinion.
Since the language of Code 1975, § 11 — 41-1, on which you request our opinion, is currently a part of the Code of Alabama, we are of the view that we should not address the constitutionality of that Code section in an advisory opinion. While individual Justices, within permissible limits, are privileged to give individual opinions on important constitutional questions properly submitted, yet the Supreme Court, of which these Justices are members, is an appellate court and the constitutionality of statutes should be tested by appropriate adversary proceedings when available or when at all possible. Opinion of the Justices, 294 Ala. 589, 319 So.2d 715 (1975).
In Opinion of the Justices, 266 Ala. 370, 371, 96 So.2d 752, 753 (1957), the Justices opined
Under a long prevailing view, the provisions of § 34 et seq., Title 13, Code 1940, have been- considered as privileging — but not requiring — the individual Justices of the Supreme Court to give advisory opinions at the request of the Governor or either House of the Legislature on important constitutional questions. These opinions are usually given in deference to the executive and legislative departments of the state in order to guide them in the proper dispatch of their duties and to protect the officers and departments of *960 the state in the performance of their duties under enacted legislation or under stipulations of proposed bond issues, etc.
We think it appropriate at this time to again invite attention to the fact that while as individual Justices the members of this court, within permissible limits of the statute, are privileged to give their individual opinions on constitutional questions properly submitted to them, yet the court of which they are members is a court of appellate review and the constitutionality of existing statutes should be tested by appropriate adversary proceedings when available or when at all possible. The end result of such proceedings would be of binding force, whereas the opinions promulgated under Title 13, supra, are not. [Emphasis added.]
Respectfully submitted,
C. C. Torbert, Jr.
Chief Justice
Hugh Maddox
James H. Faulkner
Reneau P. Almon
Janie L. Shores
T. Eric Embry
Sam A. Beatty
Oscar W. Adams, Jr. Associate Justices