The House of Representatives
State Capitol
Montgomery, Alabama
Dear Ladies and Gentlemen:
We are in receipt of House Resolution 23, adopted September 30, 1981, which is, in part, as follows:
H. R. 23 REQUESTING AN ADVISORY OPINION OF THE SUPREME COURT RELATIVE TO H. B. 81 OF THE 1981 SECOND SPECIAL SESSION
BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE ALABAMA LEGISLATURE, That we do respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinion on the following constitutional question which has arisen concerning the pending H. B. which bill was introduced to propose a constitutional amendment to provide for making appropriations and time frame therefor and substituted with a bill making appropriations and time frame therefor statutory, copies of which are attached hereto and made a part hereof by reference:
1. Does the House substitution providing for making appropriations and time frame therefor by statute to pending House Bill 81 which proposed a constitutional amendment for making appropriations and time frame therefor violate the provisions of Section 61 of the Constitution of 1901, which provides:
“No law shall be passed [except] by bill, and no bill shall be so altered or amended on its passage through either house as to change its original purpose.”?
RESOLVED FURTHER, That the Clerk of the House is hereby directed to send sufficient true copies of the pending H. B. 81, with attachments, to the Clerk of the Supreme Court of Alabama and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution.
SYNOPSIS: This bill proposes an amendment to the Constitution of Alabama to provide that no other bill shall be introduced in either house until all appropriations bills for the educational and general operations of state government have first been passed.
A BILL
TO BE ENTITLED
AN ACT
Proposing an amendment to the Constitution of Alabama providing for appropriation bills.
BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
Section 1. The following amendment to the Constitution of Alabama is proposed and shall become valid as a part thereof when approved and proclaimed as provided by law:
*363 PROPOSED AMENDMENT
During each regular session of the legislature, no other bill shall be introduced in either house until all appropriations bills for the educational and general operations of state government have first been passed.
Section 2. An election upon the proposed amendment is ordered to be held on the date of the first general or statewide election which is held at least three months next succeeding the adjournment of the current session of the legislature. The election shall be held in accordance with the provisions of Sections 284 and 285 of the Constitution of Alabama, as amended, and Sections 17-17-1 through 17-17-6 of the Code of Alabama 1975.
Section 3. Notice of the election and of the proposed amendment shall be given by proclamation of the Governor, which proclamation shall be published once a week for four successive weeks next preceding the day appointed for the election in a newspaper in each county of the state. In every county in which no newspaper is published, a copy of the notice shall be posted at each courthouse and post office.
We must respectfully decline to answer your inquiry, because we note that the subject matter of H. B. 81, as substituted, is substantially the same as the subject matter of Act No. 81-953, approved August 19, 1981. The Justices, on other occasions, have respectfully declined to render advisory opinions on the constitutionality of pending legislation which is similar to legislation already enacted into law. See Opinion of the Justices, 294 Ala. 589, 319 So.2d 715 (1975).
In Opinion of the Justices, 394 So.2d 957 (Ala.1981), this Court restated the reasons for declining to answer such requests:
Since the language of Code 1975, § 11-41 — 1, on which you request our opinion, is currently a part of the Code of Alabama, we are of the view that we should not address the constitutionality of that Code section in an advisory opinion. While individual Justices, within permissible limits, are privileged to give individual opinions on important constitutional questions properly submitted, yet the Supreme Court, of which these Justices are members, is an appellate court and the constitutionality of statutes should be tested by appropriate adversary proceedings when available or when at all possible. Opinion of the Justices, 294 Ala. 589, 319 So.2d 715 (1975).
In Opinion of the Justices, 266 Ala. 370, 371, 96 So.2d 752, 753 (1957), the Justices opined:
Under a long prevailing view, the provisions of § 34 et seq., Title 13, Code 1940, have been considered as privileging — but not requiring — the individual Justices of the Supreme Court to give advisory opinions at the request of the Governor or either House of the Legislature on important constitutional questions. These opinions are usually given in deference to the executive and legislative departments of the state in order to guide them in the proper dispatch of their duties and to protect the officers and departments of the state in the performance of their duties under enacted legislation or under stipulations of proposed bond issues, etc.
We think it appropriate at this time to again invite attention to the fact that while as individual Justices the members of this court, within permissible limits of the statute, are privileged to give their individual opinions on constitutional questions properly submitted to them, yet the court of appellate review and the constitutionality of existing statutes should be tested by appropriate adversary proceedings when available or when at all possible. [Emphasis added.]
We, therefore, respectfully decline to answer the request.
Respectfully submitted,
C. C. Torbert, Jr. Chief Justice
Hugh Maddox
James H. Faulkner
*364 Reneau P. Almon
Janie L. Shores
Sam A. Beatty
Oscar W. Adams, Jr.