*130 The Honorable Don Siegelman
Governor of Alabama
State Capitol
Montgomery, Alabama 36130
Dear Governor Siegelman:
We acknowledge receipt of former Governor Fob James’s letter requesting an advisory opinion on several issues concerning the constitutional powers of the Lieutenant Governor and the constitutionality of Senate Resolution 1, passed by the Senate on January 12, 1999. We further acknowledge receipt of your letter, dated January 22, 1999, seeking to withdraw the request filed by Governor James.
For clarity, we set out the questions posed by Governor James (omitting “references” following the questions):
“1. Does the Constitution of Alabama, including Articles IV and V and Amendment 57, confer upon the Lieutenant Governor as presiding officer of the Senate rights, powers and duties in any or all of the following areas:
“(a) The power to delegate the action of presiding over the Senate: (i) when the President Pro Tempore is absent; (ii) when the President Pro Tempore is present, but the Lieutenant Governor temporarily removes himself from the chamber of the Senate?
“(b) The referral of bills, including pre-filed bills, to Standing Committees for consideration?
“(c) The power of recognition from the Chair of Senators seeking to be recognized for the purpose of debating or offering motions, or for other purposes?
“(d) The authority to determine the timing of the receipt of House messages, confirmation messages and other communications to the Senate?
“(e) The selection of the leadership and membership of Standing Committees?
“(f) The selection of the leadership and membership of Senate Select Committees and Conference Committees?
“2. May the Lieutenant Governor be deprived by the Senate, through the Senate’s exercise of its general rule-making authority under Section 53 of the Constitution, of any of the rights, powers and duties conferred by the Constitution upon him as presiding officer of the Senate? In responding to this question, please consider the effect of each of the rules described above and the collective effect of all such rules on such rights, powers and duties as are conferred by the Constitution upon the Lieutenant Governor in the following areas:
“(a) The power to delegate the action of presiding over the Senate: (i) when the President Pro Tempore is absent; (ii) when the President Pro Tempore is present, but the Lieutenant Governor temporarily removes himself from the chamber of the Senate.
[[Image here]]
“(b) The referral of bills, including pre-filed bills, to Standing Committees for consideration.
[[Image here]]
“(c) The power of recognition from the Chair of Senators seeking to be recognized for the purpose of debating or offering motions, or for other purposes.
[[Image here]]
“(d) The authority to determine the timing of the receipt of House messages, confirmation messages and other communications to the Senate.
[[Image here]]
“(e) The selection of the leadership and membership of Standing Committees.
“(f) The selection of the leadership and membership of Senate Select Committees and Conference Committees.
[[Image here]]
“3. Amendment 57 to the Alabama Constitution sets out the purpose for which *131 the Senate is to elect a president pro tem-pore, namely: ‘to preside over its deliberations in the absence of the lieutenant governor.’
“(a) Do the various rights and duties conferred upon the president pro tem-pore in the Rules fall within the prescribed purpose of the president pro tempore to preside when the lieutenant governor is absent?
“(b) If so, may the president pro tem-pore constitutionally be given such rights and duties when the lieutenant governor is not absent?
“(c) If the various rights and duties conferred upon the president pro tem-pore by the Rules do not fall within the constitutionally prescribed authority of the president pro tempore to preside when the lieutenant governor is absent, is the purported grant of such rights and duties unconstitutional?
“4. Does Rule 10’s requirement that bills be deposited with the Secretary of the Senate before a session begins unconstitutionally prevent the introduction of bills, other than those introduced under the unanimous consent provision of Rule 10(b), by duly elected Senators while the Senate is in session?
“If, however, Senate Rule 10 does not prohibit the introduction of such bills while the Senate is in session for the reason that, as to those documents which are deposited with the Secretary of the Senate prior to the convening of the session pursuant to Rule 10(a), their introduction as bills does not effectively occur until the session is convened, is it the constitutionally prescribed right, power and duty of the Lieutenant Governor, when then serving as presiding officer of the Senate, to refer those bills to standing committees? (In answering this question, you are invited to consider the definition of ‘bill’ found in Black’s Law Dictionary (6th Ed.1990) at 167 (a ‘draft of a proposed law from the time of its introduction in a legislative body ...’).)
“5. Section 53 of the Alabama Constitution provides that each house of the legislature has the power to determine the rules of its proceedings. Rule 35 purports to delegate and restrict this right by requiring the referral of any proposed alteration, modification or amendment of the rules to the Committee on Rules, and by further requiring as a precondition to passage of the same that such Committee report favorably to the body with respect thereto and that such favorable report be based only upon a majority of the membership of the committee. Further, Rule 35(a) purports to restrict the Senate’s ability to alter, modify or amend any rule or any part of any rule by prohibiting the same unless 21 or more affirmative votes are cast therefor by members of the Senate. Do any or all of these rules violate Section 53 of the Constitution and such authority as it vests in the Senate to adopt, by majority vote, rules to govern its proceedings and, eoneomitantly, to alter, modify, amend or withdraw, by majority vote, any rules or any delegation of or restrictions on its authority to make such rules?
“In responding to this question, you are invited to consider the discussion by the Court in Tayloe v. Davis, 212 Ala. 282, 102 So. 433, 435 (1924).
“6. Is the Lieutenant Governor, as the presiding officer of the Senate, obligated under Section 66 of the Alabama Constitution to sign a bill or resolution which he determines has not ‘passed’ the Senate in accordance with applicable provisions of the Constitution?”
Section 12-2-10, Ala.Code 1975, authorizes the Justices of this Court to issue advisory opinions on important constitutional questions. However, the Justices normally decline to answer questions that do not relate to the constitutionality of “proposed legislation,” which has been defined “as a bill introduced and pending in the Legislature.” Opinion of the Justices No. 242, 356 So.2d 172, 173 (Ala. 1978). While we acknowledge the receipt of your request, we state that the subject matter of the request by former Governor James is inappropriate for resolution by an advisory opinion. We respectfully decline to answer the questions posed in his request.
ANSWER DECLINED.
*132 Respectfully submitted,
/s/ Perry O. Hooper, Sr. Chief Justice
/s/ Hugh Maddox
/s/ J. Gorman Houston, Jr.
/s/ Mark Kennedy
/s/ Ralph D. Cook
/s/ Harold See
/s/ Champ Lyons, Jr.
/s/ Jean Williams Brown
/s/ Douglas Inge Johnstone Associate Justices