*1023 Members of the House of Representatives
Alabama State House
Montgomery, Alabama 36130
Dear Representatives:
We have received House Resolution No. 16, by which you request an advisory opinion of the Justices of the Supreme Court as to whether House Bill 66, introduced in the 2005 Regular Session, gives state courts or federal courts the authority to order the imposition of taxes.
House Resolution No. 16 reads as follows:
“BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional question which has arisen concerning the pending bill, House Bill 66, a copy of which is attached to this resolution and made a part hereof by reference.
“By way of background, the constitutional amendment proposed by House Bill 66[ ] is identical to the constitutional amendment proposed by Act 2003-203, which amended Section 256 of the Constitution of Alabama of 1901, and Section 256 of the Constitution of Alabama of 1901, as amended by Amendment 111. Act 2003-203, commonly referred to as Amendment 2, was rejected by the electors voting at the November 2004 general election.
“Included in the amendments proposed in House Bill 66 of the 2005 Regular Session is the deletion from Section 256 as amended by Amendment 111, of the language, ‘but nothing in this Constitution shall be construed as creating or recognizing any right to education or training at public expense, nor as limiting the authority and duty of the legislature, in furthering or providing for education, to require or impose conditions or procedures deemed necessary to the preservation of peace and order.’
“An important constitutional question has arisen concerning House Bill 66. Accordingly, pursuant to Section 12-2-10 of the Code of Alabama 1975, and in deference to this legislative body, so that we may properly and constitutionally dispatch the duties of our office, written opinions are respectfully requested concerning the following important constitutional question:
“Would the enactment and ratification of the constitutional amendment proposed by House Bill 66 give state or federal courts the authority to order the imposition of taxes.”
Article XIV, § 256, of the Constitution of Alabama of 1901, before it was amended in 1956 read and as it still appears in the original Constitution reads:
“The legislature shall establish, organize, and maintain a liberal system of public schools throughout the state for the benefit of the children thereof between the ages of seven and twenty-one years. The public school fund shall be apportioned to the several counties in proportion to the number of school children of school age therein, and shall be so apportioned to the schools in the districts or townships in the counties as to provide, as nearly as practicable, school *1024 terms of equal duration in such school districts or townships. Separate schools shall be provided for white and colored children, and no child of either race shall be permitted to attend a school of the other race.”
House Bill 66 proposes to strike the last sentence from § 256, which read: “Separate schools shall be provided for white and colored children, and no child of either race shall be permitted to attend a school of the other race.”
Article XIV, § 256, as amended in 1956 by Amendment No. Ill, reads as follows:
“It is the policy of the state of Alabama to foster and promote the education of its citizens in a manner and extent consistent with its available resources and the willingness and ability of the individual student, but nothing in this Constitution shall be construed as creating or recognizing any right to education or training at public expense, nor as limiting the authority and duty of the legislature, in furthering or providing for education, to require or impose conditions or procedures deemed necessary to the preservation of peace and order.
“The legislature may by law provide for or authorize the establishment and operation of schools by such persons, agencies or municipalities, at such places, and upon such conditions as it may prescribe, and for the grant or loan of public funds and the lease, sale or donation of real or personal property to or for the benefit of citizens of the state for educational purposes under such circumstances and upon such conditions as it shall prescribe. Real property owned by the state or any municipality shall not be donated for educational purposes except to the nonprofit charitable or eleemosynary corporations or associations organized under the laws of the state.
“To avoid confusion and disorder and to promote effective and economical planning for education, the legislature may authorize the parents or guardians of minors, who desire that such minors shall attend schools provided for their own race, to make election to that end, such election to be effective for such period and to such extent as the legislature may provide.”
House Bill 66 proposes to strike the following language from the first paragraph of § 256, as amended by Amendment No. Ill:
“but nothing in this Constitution shall be construed as creating or recognizing any right to education or training at public expense, nor as limiting the authority and duty of the legislature, in furthering or providing for education, to require or impose conditions or procedures deemed necessary to the preservation of peace and order.”
It also proposes to delete the last paragraph of § 256, as amended by Amendment No. Ill, which reads as follows:
“To avoid confusion and disorder and to promote effective and economical planning for education, the legislature may authorize the parents or guardians of minors, who desire that such minors shall attend schools provided for their own race, to make election to that end, such election to be effective for such period and to such extent as the legislature may provide.”
House Bill 66 also proposes to repeal § 259 of Amendment No. Ill relating to poll taxes used to support education and to repeal Amendment No. 90 and Amendment No. 109 relating to exemptions from the poll tax.
Section 12-2-10, Ala.Code 1975, provides that “[t]he Governor, by a request in writing, or either house of the Legislature, by a resolution of such house, *1025 may obtain a written opinion of the justices of the Supreme Court of Alabama or a majority thereof on important constitutional questions.”- An advisory opinion is an opinion of the individual Justices signing the opinion; an advisory opinion is not issued by the Alabama Supreme Court acting in its judicial capacity and, therefore, is not binding precedent. Opinion of the Justices No. 381, 892 So.2d 375 (Ala.2004).
In 1923, the members of the Supreme Court responded to the first request for an advisory opinion. The Justices considered the constitutionality of Act No. 43, Ala. Acts 1923, the Advisory Opinion Act, now codified at § 12-2-10, and stated:
“Interpreting the act according to its manifest effects, these conclusions must, of necessity prevail: (a) That the act does not at all contemplate the advice or the advisory opinions of the Justices upon any matter relating to the wisdom, desirability, or policy of prospective legislative or executive action; (b) that the merely advisory opinions contemplated are those of the individual Justices, not the Supreme Court of Alabama in its judicial capacity; (e) that specific inquiries, within the intent of the act, must involve or concern concrete, important constitutional questions upon matters or subjects of a general public nature, as distinguished from questions involved in the ascertainment or declaration of private right or interest; (d) and that responses to questions within the purview of the act are designed to be advisory, consultative only, not concluding or binding the Governor or the House or Houses propounding inquiries or the Justices responding thereto.”
Opinion of the Justices No. 1, 209 Ala. 593, 594, 96 So. 487, 488-89 (1923).
The Justices of the Supreme Court have consistently restricted advisory opinions to questions on the constitutionality of proposed legislation “arising under a stated section or sections of the Constitution.” Opinion of the Justices No. 219, 294 Ala. 604, 605, 320 So.2d 622, 623 (1975). Questions addressing whether proposed legislation violates any section of the Constitution are “too broad and indefinite” and responding to such questions would “leave to the Justices the search for all possible avenues of constitutional tests, impos[ing] a task accompanied with such doubt and uncertainty that even those gifted with unusual ingenuity, would retreat from it.” Opinion of the Justices No. 199, 286 Ala. 156, 158, 238 So.2d 326, 327 (1970).
Advisory opinions are “usually given in deference to the executive and legislative departments of the state in order to guide them in the proper dispatch of their duties and to protect the officers and departments of the state in the performance of their duties under enacted legislation....” Opinion of the Justices No. 160, 266 Ala. 370, 371, 96 So.2d 752, 753 (1957). Advisory opinions are rendered “outside the normal adversary system wherein pertinent facts from the record of a trial court would be presented, and the issues would be briefed by attorneys and most times orally argued before the Court.” Opinion of the Justices No. 289, 410 So.2d 388, 391-92 (Ala.1982). Because of the nature of advisory opinions, the Justices are limited to answering questions regarding the facial constitutionality of pending legislation.
However, the present inquiry asks the Justices to give a speculative opinion on how House Bill 66 might be construed in litigation in a state or federal court. Accordingly, we must respectfully decline your request for an advisory opinion as to whether House Bill 66 gives state courts or federal courts the authority to order the imposition taxes.
*1026 QUESTION DECLINED.
Respectfully Submitted,
/s/Drayton Nabers, Jr. Drayton Nabers, Jr.
Chief Justice
/s/Harold See Harold See
/s/Champ Lyons, Jr. Champ Lyons, Jr.
/s/Robert B. Harwood, Jr. Robert B. Harwood, Jr.
/s/Thomas A. Woodall Thomas A. Woodall
/s/Lyn Stuart Lyn Stuart
/s/Patricia M. Smith Patricia M. Smith
/s/Michael F. Bolin Michael F. Bolin
Associate Justices
TOM PARKER, Associate Justice, recuses himself.