The Honorable Robert Bentley
Governor of Alabama
Alabama State Capitol
Montgomery, Alabama 36130
Dear Governor Bentley:
We have received your letter of September 9, 2015, in which you request an advisory opinion on the following constitutional question:
“Would an amendment of Article IV, § 65 of the Alabama Constitution to grant the Legislature power to authorize only a state operated lottery, result in removal of the existing general ban on gambling or gaming activities in the State and thus, result in legalizing Class III or other casino style gaming in the state, with or.without further legislative act?”
We respectfully decline your request for an advisory opinion.
Respectfully submitted,
/s/ Lyn Stuart Lyn Stuart
/s/ Glenn Murdock Glenn Murdock
/s/ Greg Shaw Greg Shaw
/s/ James Allen Main James Allen Main
/s/ A. Kelli Wise A. Kelli Wise Associate Justices
The Honorable Robert Bentley
Governor of Alabama
Alabama State Capitol
Montgomery, Alabama 36130
Dear Governor Bentley:
We have received your letter of September 9, 2015, in which you request an advisory opinion on the following constitutional question:
“Would an amendment of Article IV, § 65 of the Alabama Constitution to grant the Legislature power to authorize only a state operated lottery, result in removal of the existing general ban on gambling or gaming activities in the State and thus, result in legalizing Class III or other casino style gaming in the state, with or without further legislative act?”
Section 12-2-10, Ala.Code 1975, provides that “[t]he Governor, by a request in writ *1061 ing, or either house of the Legislature, by a resolution of such house, may obtain a written opinion of the justices of the Supreme Court of Alabama or a majority thereof on important constitutional questions.”
We are reluctant to offer an advisory opinion about a hypothetical constitutional amendment that has not been embodied in the text of a specific bill.
“Under § 12-2-10, Code of Alabama 1975, the Supreme Court is authorized to issue advisory opinions on important constitutional questions. However, this court has heretofore restricted these opinions to questions on the constitutionality of proposed legislation arising under specific provisions of the Constitution. We meio ‘proposed legislation’ as a bill introduced and 'pending in the Legislature.”
Opinion of the Justices No. 242, 356 So.2d 172, 173 (Ala.1978) (citations omitted; final emphasis added). The amendment to Article IV, § 65, Ala. Const.1901, referenced in the question you have presented for the Justices’ opinion, is purely hypothetical. No bill is attached to the request. When constitutional questions raised in a request for an advisory opinion “do not appear to pertain to a bill which has been introduced, in the [legislature],” the Justices have respectfully declined to answer the questions. Opinion of the Justices No. 242, 356 So.2d at 173. Accord Opinion of the Justices No. 375, 823 So.2d 1274, 1275 (Ala.2002); Opinion of the Justices No. 369, 730 So.2d 129, 131 (Ala.1999).
The question presented, apart from not addressing specific legislation, asks us to speculate as to the collateral effect a potential constitutional amendment to allow only a state-operated lottery might have on the gaming laws in this State. However, the question presented does not specify the gaming laws in question. They are identified only as laws that impose “the existing general ban on gambling or gaming activities in the State.” We. do not consider it prudent to hypothesize as to what statutes, state or federal, may be contemplated in this request. See Opinion of the Justices No. 382, 907 So.2d 1022, 1025 (Ala.2005) (declining to provide “a speculative opinion” on’ how a proposed constitutional amendment would be interpreted by the- courts). Because § 12-2-10 “does not authorize the expression of opinions on hypothetical questions,” Opinion of the Justices No. 162, 267 Ala. 110, 113, 100 So.2d 565, 567 (1958), we respectfully decline your request for an advisory opinion.
Respectfully submitted,
/s/ Roy S. Moore Roy S. Moore Chief Justice -
/s/ Michael F. Bolin Michael F. Bolin Associate Justice